VRP_COMPLAINT_GENTILE_05012009

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,     :
                                          :
               Plaintiff,          :
                                            :

**09   1870**

         v.                :     Civil Action No. _____
                                            :

LOUIS GENTILE,     :
                                            :
             Defendant.      :

## COMPLAINT FOR RECOVERY OF CIVIL MONETARY FORFEITURE PENALTY

The United States of America, by its undersigned counsel, brings this action for the recovery of a monetary forfeiture penalty of $10,000, and for its complaint alleges:

### INTRODUCTION

1.      This is an action brought by the United States against defendant, Louis Gentile ("Gentile") to enforce an Order issued by the Federal Communications Commission ("FCC") on January 9, 2006 assessing a monetary forfeiture against Gentile pursuant to 47 U.S.C. § 503(b).

### JURISDICTION AND VENUE

2.      The United States, on behalf of its agency, the FCC,  is plaintiff in this action.

3.      Louis E. Gentile, (Gentile) is the defendant in this action and currently resides at 4727 Oakmont Street, Philadelphia, Pennsylvania (hereinafter, the "residence"), a location within this District.  Gentile owned and broadcasted radio equipment from his residence during the period in question.

4.      This is a civil action brought pursuant to Section 504 of the Communications Act

-1-

VRP_COMPLAINT_GENTILE_05012009

of 1934, as amended ("Act"), 47 U.S.C. § 151 et seq. seeking the recovery of a monetary

forfeiture under Section 503(b) of the Act, 47 U.S.C. § 503(b) for violations of the FCC's rules

by making unlicensed radio broadcasts from Gentile's residence.

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1345 and

1355 and 47 U.S.C. § 504(a).

6.      This Court has personal jurisdiction over the defendant and venue is proper

pursuant to 28 U.S.C. §§1355(b), 1391(b), 1395(a) and 47 U.S.C. § 504(a), because the acts or

omissions giving rise to this civil action occurred in Philadelphia, Pennsylvania and Gentile is a

resident of Philadelphia in Philadelphia County, Pennsylvania, a location within the Eastern

District of Pennsylvania.

## STATUTORY AND REGULATORY BACKGROUND

7.      The FCC is an independent federal regulatory agency created by Congress to

regulate intrastate, interstate, and foreign radio communications pursuant to the Communications

Act of 1934, as amended ("Act"), 47 U.S.C. § 151 et seq.

8.      Section 301 of the Act, 47 U.S.C. § 301, prohibits the operation of any apparatus

for the transmission of energy, communications, or signals by radio from one place in the United

States to another place in the United States, except under and in accordance with the Act and

with a license for that purpose granted under the provisions of the Act.

9.      Pursuant to 47 C.F.R. § 15.5 et seq., an FM broadcast station with field strength

greater than 250 microvolts per meter ("$\mu$V/m") at a distance of three meters from the

transmitting antenna must be licensed under 47 U.S.C. § 301.

10.     Pursuant to 47 U.S.C. § 503 (b), any person whom the FCC determines to have willfully or repeatedly failed to comply with the provisions of Chapter 5, Title 47 of the United States Code (including 47 U.S.C. § 301) or any rule, regulation or order issued by the FCC shall be liable to the United States for a forfeiture penalty.

## THE VIOLATION

11.     On April 29, 2004, the FCC Enforcement Bureau's Philadelphia Field Office ("Philadelphia Office") received a complaint about an illegal broadcast operation on the frequency 107.7 MHz in Philadelphia, Pennsylvania.

12.     On May 6, 2004, an FCC agent monitored the frequency 107.7 MHz and found a radio station broadcast.  Using radio direction finding techniques, the agent determined that the source of the signal as 4727 Oakmont Street, Philadelphia, Pennsylvania, 19136, which was Gentile's residence.

13.     The agent took field strength measurements of the signal, which showed that the field strength of the station's signal exceeded the acceptable level for non-licensed operation by 1,617 times.  An FCC search of its records revealed no authorization for the operation of a radio station on the frequency 107.7 MHZ in the Philadelphia, Pennsylvania area.

14.     On May 7, 2004, the Philadelphia Office notified Gentile by letter sent to Gentile at the residence by Certified Mail, Return Receipt Requested and which was signed for by Antoinette Gentile at that address, that the operation of a radio station on the frequency 107.7 MHZ without a license violates Section 301 of the Act.  A copy of the letter is attached hereto as Exhibit A.

-3-

VRP_COMPLAINT_GENTILE_05012009

15.     Gentile was requested to provide  a response to the Philadelphia Office within ten days of receipt of the letter but failed to do so.

16.     On June 2, 2004, FCC agents visited 4727 Oakmont Street.  Antoinette Gentile answered the door and the FCC agents gave her a copy of the warning letter for unlicensed broadcast operation.

17.     In response to this visit, on June 9, 2004, defendant contacted the Philadelphia Office, and arranged to meet with the FCC agents later that night on the porch of his residence at 4727 Oakmont Street.  During the interview, Louis Gentile admitted to the agents that he operated the radio station on May 6, 2004 without a license and that he would permanently cease operation.

## NOTICE OF APPARENT LIABILITY

18.     On or about November 12, 2004, the FCC Enforcement Bureau issued a Notice of Apparent Liability for Forfeiture (the "Notice" or "NAL") to defendant in the amount of $10,000.00 for apparent willful violation of Section 301 of the Act as a result of the unlicensed unauthorized operation of an FM radio station on the frequency 107.7 MHz on May 6, 2004.  The FCC sent a copy of the Notice to Defendant by certified mail, return receipt requested.  A copy of the Notice is attached as Exhibit B.

19.     The Notice ordered Defendant to pay the full amount of the proposed forfeiture, or to file a written statement seeking reduction or cancellation of the proposed forfeiture, within 30 days of the date of the Notice.

20.     In an undated letter responding to the Notice, Defendant claimed that he did not

VRP_COMPLAINT_GENTILE_05012009

admit to operating a radio station on 107.7 MHz in 2004 to the FCC agents and that he has never

operated an unlicensed station on 107.7 MHz or 95.3 MHz in Philadelphia, PA in 2002 or 2004.

He further stated that "nothing has ever been found at his house."

## THE FORFEITURE ORDER

21.     On January 9, 2006, based on the Notice and Defendant's response, the FCC

issued a Forfeiture Order ("Order") in the amount of $10,000.00 against Gentile for willful

violation of Section 301 of the Act, U.S.C. § 301.  Contrary to Gentile's claim that "nothing has

ever been found at his house," the FCC noted that the agents observed a radio transmitting

antenna on the roof of 4727 Oakmont Street and a coaxial cable going from the antenna on the

roof into the basement of the house. Gentile provided no explanation for the inconsistency

between his June 9, 2004 admission of unlicensed broadcasting, which was documented by the

FCC agents, and his recantation in response to the NAL.  Finding Gentile's statements unreliable

and not supported by the record, the FCC ruled that Louis Gentile willfully violated section 301

of the Act.

22.     The FCC sent a copy of the Order to Defendant by certified mail, return receipt

requested and by first class mail.  A copy of the Order is attached as Exhibit C.

## DEMAND FOR PAYMENT

23.     The Order provided that if Defendant did not pay the forfeiture penalty within 30

days, the case would be referred for enforced collection.

24.     On or about April 18, 2006, the FCC sent Gentile a letter demanding full payment

of the Forfeiture within 30 days.  A copy of the FCC letter is attached as Exhibit D.

VRP_COMPLAINT_GENTILE_05012009

25.     Despite due demand, Defendant has not paid the Forfeiture.  See Certificate of Forfeiture attached hereto as Exhibit E.

## **CLAIM FOR RELIEF**

26.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 25 above.

27.     Defendant, Louis Gentile, willfully violated rules and regulations promulgated pursuant to Section 301 of the Act, 47 U.S.C. § 301, by unlawfully operating an unlicensed radio station.

28.     By reason of the foregoing, defendant, Louis Gentile, is liable to the United States for a forfeiture penalty pursuant to 47 U.S.C. § 503(b)..

WHEREFORE, plaintiff demands judgment against defendant, Louis Gentile, as follows:

1.      Judgment In the amount of $10,000.00;

2.      Interest from the date of judgment at the legal rate in effect on the date of judgment, pursuant to 28 U.S.C. § 1961.

3.      Costs and disbursements incurred by plaintiff in this action; and

VRP_COMPLAINT_GENTILE_05012009

    4.      Such other further relief that the Court may deem just and proper.

Respectfully submitted,

LAURIE MAGID
United States Attorney

VIRGINIA A. GIBSON
Chief, Civil Division

vrp2176

VIRGINIA R. POWEL
Assistant United States Attorney
Attorney I.D. No. 32230
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106-4476
Phone: 215-861-8263
Fax: 215-861-8618
E-mail: virginia.powel@usdoj.gov

Dated: May 1, 2009